**MCFARLIN LLP**
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mcfarlinlaw.com
Jarrod Y. Nakano (State Bar No. 235548)
Email: jarrod@mcfarlinlaw.com
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Plaintiff
DAVID LOPEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOPEZ, an Individual, | Case No.:  5:20-cv-00093-AB-KK |
| Plaintiff, | Judge: Hon. Andre Birotte Jr. |
| v. | Courtroom: 7B |
| HESPERIA VENTURE CAPITAL LLC, a California limited liability company; and DOES 1-100, | **MOTION FOR ENTRY OF DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** |
| Defendants. | **DECLARATION OF JARROD Y. NAKANO IN SUPPORT THEREOF;** |
| | **AND [PROPOSED] ORDER.** |
| | Hearing: |
| | Date: September 25, 2020 |
| | Time: 10:00 a.m. |
| | Judge: Hon. Andre Birotte Jr. |
| | Courtroom: 7B |
| | Date Action Filed: January 14, 2020 |
| | Trial Date: Not Set Yet. |

- 1 -

TO THE HONORABLE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE THAT ON September 25, 2020 at 10:00 a.m. in Courtroom 7B of the above-captioned courthouse, Plaintiff DAVID LOPEZ ("Plaintiff"), by way of the undersigned counsel, hereby moves this Court for entry of a default judgment as to Defendant HESPERIA VENTURE CAPITAL LLC ("Defendant"), upon the complaint heretofore filed and served upon the Defendant, in accordance with the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, and in support thereof shows the Court the following:

1. On or around June 14, 2020, Plaintiff filed in the United States District Court, Central District of California, Eastern Division - Riverside, a complaint alleging certain and specific violations of 28 U.S.C. Sections 1331 and 1343(a)(3-4) for violations of the Americans with Disabilities Act of 1990, 40 U.S.C. Section 12101, *et seq*. ("ADA"). A copy of said Complaint is attached hereto as Exhibit A and is incorporated herein by reference.

2. On or around February 1, 2020 at 4:45 p.m., a copy of said Complaint, along with the Summons, Civil Cover Sheet, Notice to Parties: ADA Disability Access Litigation, and Certification and Notice of Interested Parties was served upon Gera Ortega, an individual authorized to accept service on behalf of Defendant, at 213 Campbell Avenue, Redlands, CA 92373. A copy of the Proof of Service filed with the Court on February 19, 2020 and process receipt is attached hereto as Exhibit B and is incorporated herein by reference.

3. On or about May 15, 2020, more than 21 days after the service of the Complaint, Summons, Civil Cover Sheet, Notice to Parties: ADA Disability Access Litigation, and Certification and Notice of Interested Parties was served upon Gera Ortega, an individual authorized to accept service on behalf of Defendant, Counsel for Plaintiff petitioned the Clerk

- 2 -

1    of this Court for entry of a default against Defendant. The Default by

2    Clerk was entered on May 18, 2020. A copy of the Default by Clerk is

3    attached hereto as Exhibit C and is incorporated herein by reference. No

4    response to any pleading or non-litigious correspondence has been

5    received by Plaintiff or his counsel.

6    4.    Defendant has failed to plead or otherwise defend this action, and Plaintiff

7        is entitled to judgment by default against Defendant.

8    5.    Pursuant to the provisions of Rule 55(b)(2), Federal Rules of Civil

9        Procedure, this Court is empowered to enter a default judgment against

10        Defendant for relief sought by Plaintiff in his Complaint, and written

11        notice of this action has been given to Defendant as set forth in the

12        attached affidavit.

13                                <u>PRAYER</u>

14        WHEREFORE, Plaintiff prays that this Court enter a judgment of Default

15    against Defendant, and that Defendant be enjoined and retained from the Americans

16    with Disabilities Act of 1990, 42 U.S.C. Section 12101, *et seq.* as provided in the

17    proposed Final Judgment filed concurrently with this motion.

18    ///

19    ///

20    ///

21

22

23

24

25

26

27

28

1

<u>AFFIDAVIT</u>

2        I, Jarrod Y. Nakano, do hereby certify that the statements and allegations set

3  forth in the foregoing motion and the accompanying memorandum are true and

4  accurate to the best of my knowledge and belief.

5

6                         Respectfully submitted,

7

8  DATED: July 9, 2020         **MCFARLIN LLP**

9

10                    By:   <u>/s/ Jarrod Y. Nakano</u>

Jarrod Y. Nakano

11                          Attorneys for Plaintiff

12                          DAVID LOPEZ

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff DAVID LOPEZ ("Plaintiff") Complaint was filed in federal court on January 14, 2020.  The Proof of Service for Defendant HESPERIA VENTURE CAPITAL LLC ("Defendant") was filed on February 19, 2020.  Defendant never responded to the summons and complaint. [Decl. Jarrod Y. Nakano ¶ 5] A Request for Entry of Default was filed on May 15, 2020.  Default was entered by Clerk as to Defendant on May 18, 2020.

## I.

## CONCISE FACTUAL STATEMENT

Plaintiff is an adult California resident with disabilities.  Plaintiff has a Disabled Person Parking Placard issued to him by the State of California.  Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating and sitting. As a result of these disabilities, Plaintiff relies upon mobility devices to ambulate. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. *See* Plaintiff's Complaint ("Complaint") ¶ 1.

Plaintiff went to Defendant's business (the "Business") on or about January 2, 2020, to inquire about car brake replacement and tire alignment services. Unfortunately, although parking spaces were one of the facilities reserved for patrons, there were no designated parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines ("ADAAG") on January 2, 2020. [Complaint ¶ ¶ 11-14].

Instead of having architectural barrier free facilities for patrons with disabilities, Defendant has: a built-up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5).  Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1). Therefore,

- 1 -

currently, there is no compliant designated disabled parking serving the Business which is designed for persons with disabilities. Plaintiff alleges Defendants had no policy or plan in place to make sure that there was a compliant accessible access parking reserved for persons with disabilities prior to January 2, 2020, and that Defendant has no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG. [Complaint ¶ ¶ 15-18].

The designated disabled parking spaces for use by persons with disabilities are a tip over, crash, fall hazard or trip hazard because it contains a built-up curb ramp and cross slopes. Plaintiff personally encountered these barriers.  These inaccessible conditions denied the Plaintiff full and equal access and caused him difficulty, humiliation and frustration. [Complaint ¶ ¶ 19-21].

Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law. The Defendant has failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove.  Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable. [Complaint ¶ ¶ 22-24].

///

///

///

///

- 2 -

## II.

## ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure allows for judgment to be had in a case of this type when the defendant fails to answer the Complaint.  In this case, Defendant was served with the Summons and Complaint evidenced by the Proof of Service of Summons filed with this court.  As detailed in the Declaration of Plaintiff's counsel, Defendant is neither an infant nor incompetent persons nor in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. [Decl. Jarrod Y. Nakano ¶ 8]

Defendant was on notice as to what Plaintiff was seeking as it was served the Complaint which references with specificity in Plaintiff's Prayer for Relief the fact that Plaintiff was seeking:

1.     A preliminary and permanent injunction enjoining Defendant from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Property; Note: Plaintiff is not invoking section 55, *et seq*, of the California Civil Code and is not seeking injunctive relief under the Disable Persons Act (Cal. C.C. §54) at all.

2.     An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code.

3.     An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4.     For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52. *See* Complaint and prayer.  The Plaintiff is entitled to the relief that he has prayed for in his Complaint.

///

- 3 -

1  **A.      The Americans with Disabilities Act.**

2          Under Title III of the ADA, the general rule is that: "No individual shall be

3  discriminated against on the basis of a disability in the full and equal enjoyment of

4  the goods, services, facilities, privileges, advantage, or accommodations of any

5  place of public accommodation by any person who owns, leases (or leases to), or

6  operates a place of public accommodation.' 42 U.S.C. § 12182(a).   The term

7  "discrimination" is a little misleading:

8                      Although the term "discrimination" evokes images of active

9                      discrimination, e.g., a person is expressly forbidden to enter the

10                    premises because of his or her disability, Congress also intended to

11                    eliminate more passive forms of discrimination, e.g., a person is

12                    physically unable to enter the premises because it lacks a wheel-chair

13                    accessible entrance.  H.R.Rep No. 101-485 (II) at 99 (1990), reprinted

14                    at 1990 U.S.C.C.A.N.303, 382 (a primary purpose of the ADA is to

15                    "bring individuals with disabilities into the economic and social

16                    mainstream of American life.)

17  *Independent Living Resources v. Oregon Arena Corp*., 982 F. Supp 698, fn. 1 (D.

18  Ord 1997).  The scope of the Act covers not only intentional discrimination, but

19  also the discriminatory effects of "benign neglect, apathy, and indifference." *Helen*

20  *L. v. DiDario*, 46 E.3d 325, 335 (3rd Cir 1995) (internal quotations omitted).

21          To succeed on this Title III, ADA claim, Plaintiff must, "establish that (1) he

22  is disabled within the meaning of the ADA; (2) that the defendant's own, lease, or

23  operate a place of public accommodation; and (3) that the defendants discriminated

24  against the plaintiff within the meaning of the ADA."  *Roberts v. Royal Atlantic*

25  *Corp.,* 542 F.3d 363, 368 (2nd Cir 2008).  Under Title III of the ADA, one form of

26  discrimination is defined as failure to remove architectural barriers unless they are

27  not readily achievable to remove. 42 U.S.C. § 12182(b)(2)(A)(iv).   Thus, the

28

following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1.  The plaintiff must be disabled. 42 U.S.C. § 12102(a);

2.  Defendant's facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA. 42 U.S.C. § 12182(a);

3.  Defendant's facility must have had unlawful architectural barriers. 42 U.S.C. § 12182(b)(2)(A)(iv).

4.  The plaintiff must have encountered the architectural barrier precluding him full and equal access to the facility. 42 U.S.C. § 12188(a).

In this case, Plaintiff's civil rights were violated because Defendant failed to provide access to the parking lot at 12932-A Hesperia Road, Victorville, CA 92345. Plaintiff will discuss each element, seriatim.

### 1.  Plaintiff is Disabled.

Plaintiff is an individual with disabilities.  He is an adult California resident. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, and twisting, turning, and grasping objects.   As a result of these disabilities, Plaintiff relies upon mobility devices to ambulate.   With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.  At the time of Plaintiff visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

### 2.  The Defendant's Business is a Public Accommodation.

Defendant's Business is a sales establishment specializing as an automotive repair and tire shop.  A sales establishment is expressly identified as a place of

public accommodation and subject to the Title III of the ADA.  See 42 U.S.C. § 12181(7)(a).

### 3.  The Business Presented Physical Barriers.

In the present case, the lack of access in and around the parking lot and pathways located on Defendant's property, are barriers to Plaintiff.  Barriers are determined by reference to the American with Disabilities Act Accessibility Guidelines ("ADAAG"). *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 945 (9th Cir. 2011).

Any business that provides parking spaces must provide accessible parking space.  1991 Standards § 4.1.2(5). 2010 Standards § 208.  Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2.0%) in all directions.  1991 Standards § 4.6.2.  Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted.  210 Standards § 502.4.  "Access aisles are required to be nearly level in all directions to provide a surface for wheel chair transfer to and from vehicles."  2010 Standards § 502.4 Advisory.  Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces.  *Id.* No more than a 1:48 slope is permitted.  Standards § 502.4.

Plaintiff experienced the following at the Business and Property: there were no designated parking spaces available for persons with disabilities that complied with the ADAAG, instead of having architectural barrier free facilities for patrons with disabilities, Defendant has: a built up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5).  Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1). Therefore, currently, there is no compliant designated disabled parking serving the Business which is designed for persons with disabilities.  Defendant has no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG. The designated disabled parking spaces for

- 6 -

use by persons with disabilities are a tip over, crash, fall hazard or trip hazard because it contains a built-up curb ramp and cross slopes.

A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211 (a).

A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area are readily accessible to and usable by individuals with disabilities.   42 U.S.C. § 12183(a)(2).

Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of the law.

Whether or not the removal of these barriers is "readily achievable" is an affirmative defense that is waived unless raised.  *Wilson v. Haria and Gogri Corp.,* 479 F.Supp.2d 1127, 1133 and fn. 7 (E.D. Cal. 2007) (if a defendant "has failed to plead that barrier removal is not readily achievable in its answer…the defense is waived" and, in such circumstances, the plaintiff need "not come forward with any evidence regarding barrier removal…."). Here, this is not an issue raised in contention.  Moreover, the complaint allegation that a defendant failed to meet their barrier allegation is sufficient in a default judgment setting.  *Vogel v. Rite Aid Corp.,* 992 F.Supp.2d 998 (C.D. Cal. 2014) (compiling cases and holding that a defendant cannot meet their burden on the issue where they fail to appear and defend).

### 4. Defendant Violated the American's With Disabilities Act.

Plaintiff is disabled. The Defendant's business has unlawful barriers.  The Defendant has failed to remove those barriers and violated the American with

- 7 -

1  Disabilities Act.  Plaintiff is entitled to an order requiring Defendant to remove

2  those unlawful barriers.  *See* 42 U.S.C. § 12188.

3  **B.**    **The Unruh Civil Rights Act.**

4          The Unruh Civil Rights Act provides that "a violation of the right of any

5  individual under the Americans with Disabilities Act 1990 shall also constitute a

6  violation of this section." Cal. Civ. Code § 51 (f).  Under the Unruh Act, a party

7  that discriminates against a plaintiff in violation of Civ. Code § 51 shall be liable

8  for actual damages, up to three times actual damages but "in no case" less that

9  $4,000.00 for each time that he was discriminated against.  Cal. Civ. Code § 52(a).

10  In the present matter, the Plaintiff is asking for once statutory minimum penalty

11  assessments of $4,000.00 pursuant to California Civil Code § 52, and the actual

12  attorney fees and costs that he has incurred in the amount of $4,647.00.  *See*

13  Declaration of Jarrod Y. Nakano ¶9.

14                                                  **III.**

15                              **THE EITEL FACTORS SUPPORT**

16                          **GRANTING SUMMARY JUDGMENT**

17          Once a party's default has been entered, the factual allegations of the

18  complaint, except those concerning damages, are deemed to have been admitted by

19  non-responding party.  *See* Fed. R.Civ.Proc. 8(b)(6); *see also, e.g., Geddes v.*

20  *United Fin.Group,* 559 F.2d 557, 560 (9th Cir. 1977) (stating the general rule that

21  "upon default [,] the factual allegations of the complaint, except those relating to

22  the amount of damages, will be taken as true').

23          Nonetheless, "[t]he district court's decision whether to enter default

24  judgment is discretionary one." *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.

25  1980).

26          The Ninth Circuit has directed that courts consider the following factors in

27  deciding whether to enter default judgment: (1) the possibility of prejudice to

28  plaintiff, (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the

                                                  - 8 -

complaint, (4) the sum of money at stake in this action; (5) the possibility of a dispute concerning materials facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. See *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986). A consideration of these merits favors granting default judgment.

**A.      Possibility of Prejudice to Plaintiff.**

Plaintiff, a disabled person, has alleged that he suffered and continues to suffer discrimination due to the Defendant's failure to comply with the ADA and Unruh. When a defendant has failed to appear and defend the claims, a plaintiff will be without recourse and suffers prejudice unless the default judgment is entered. *Vogel v. Rite Aid Corp.,* 992 F.Supp.2d 998 (C.D. Cal. 2014) (granting a default judgment for a disabled plaintiff suing under the ADA and Unruh, replying upon this rationale).

**B.      The Merits of the Plaintiff's Claim and Sufficiency of the Claim.**

These two *Eitel* are discussed above under section III of this brief. Plaintiff has sufficiently stated a meritorious claim.

**C.      The Sum of Money at Stake.**

The fourth *Eitel* factors balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo, Inc v. California Sec. Cans,* 238 F.Supp. 2d 1172, 1176 (C.D. Cal 2002). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel, supra,* at \*8. Plaintiff seeks a total of $8,647.00. "Courts frequently grant default judgment in Unruh Act and ADA cases and impose similar financial liabilities on the defendant." *Id.* at \*9 (finding $13,739.20 was reasonable and collecting other cases where $10,119.70 and $12,000.00 were also reasonable and, in fact, "a relatively small award of damages" in similar ADA cases).

///

**D.**   **The Possibility of Dispute.**

Where there is properly pled and supported complaint and the defendant has failed to oppose the motion, then "no factual dispute exists that would preclude the entry of default judgment" and these factors "favors the entry of default judgment…." *Id.* at *9.

**E.**   **The Possibility of Excusable Neglect.**

While there is always a "theoretical possibility" that the Defendant might show up claiming excusable neglect, where the Defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors an entry of default judgment. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001)

**F.**   **Policy Favoring Decision on the Merits.**

"Cases should be decided upon their merits whenever reasonable possible." *Eitel*, 782 F.2d at 1472.   The fact that Rule 55(b) exits demonstrates that "this preference, standing along, is not dispositive."   *PepsiCo*, 238 F.Supp.2d at 177 (reasoning that "Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible").   Given that the Defendant failed to appear and defend, the seventh *Eitel* factor does not preclude the entry of default judgment.

# IV.

# REQUEST FOR AFFIX ATTORNEY FEES

Plaintiff's rights were violated under Title III of the Americans with Disabilities Act and the Unruh Civil Rights Act.   Under both Title III of the ADA and Unruh Civil Rights Act, a prevailing plaintiff is entitled to an award of reasonable attorney fees.   See 42 U.S.C. § 12205; Cal. Civ. § 52(a).   With these cases, it is inappropriate to use the default fee schedule under Local Rule 55.

First, a cause of action under the Title III of the ADA does not allow for damages.  *Goodwin v. C.N.J., Inc.,* 436 F.3d 44, 50 (1dt Cir. 2006) ("money damages are not an option for private parties suing under Title III of the ADA.") Thus, a reasonable attorney fee award cannot be calculated in a Title III ADA case by reference to the Local Rule schedule.  Because the sole remedy under the particular case of action is equitable, one cannot calculate the "amount of judgment to arrive at a fee award.   In other words, because the Plaintiff is entitled to injunctive relief under ADA – not damages – the amount of a "reasonable" fee cannot be determined by the schedule.  "Indeed, in lawsuits under the ADA itself (unlike the California Civil Rights statutes), only injunctive relief is available and no damages are available.  ADA Title III damages are always zero; yet Congress specifically offered statutory attorney fees as incentive to encourage attorneys to handle these important cases."  *Blackwells v. Foley,* 724 F.Supp.2d 1068, 1077 (N.D. Cal. 2010).

Second, it would be inappropriate to use the local rule fee schedule to determine a reasonable fee for pursuing these civil rights claims.  The fee schedule creates a proportionality rule between damage recovery and attorney fee award. This has been expressly rejected by the Supreme Court for use in civil rights cases. See *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) ("A Rule of proportionality would make it difficult, if not impossible, for individuals with meritorious the clients' claims might be, attorneys simply would not take these cases.  This would be contrary to legislative determinations that statutory attorney fees should encourage attorneys to represent disabled persons." *Id*.

In sum, it is simply inappropriate to tie the amount of recoverable attorneys' fees to the amount of monetary recovery in these small dollar civil rights cases. Plaintiff requests this Court affix the attorneys' fees.

///

///

- 11 -

1

## V.

2

## CONCLUSION

3    Plaintiff respectfully request this Court grant his application for default

4  judgment and issue the proposed judgment.

5

6  DATED: July 9, 2020              **MCFARLIN LLP**

7

8                          By:    <u>/s/ Jarrod Y. Nakano</u>
                                  Jarrod Y. Nakano
9                                 Attorneys for Plaintiff
                                  DAVID LOPEZ
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 5:20-CV-00093-AB-KK

# EXHIBIT A

Case 5:20-cv-00093-ABkk Document 26 Filed 07/09/20 Page 18 of 33 Page ID
Case 3:20-cv-00093-ABkk Document 1 Filed 01/14/20 Page 1 of 9 Page ID #:1
#:94

**MCFARLIN LLP**
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mcfarlinlaw.com
Jarrod Y. Nakano (State Bar No. 235548)
Email: jarrod@mcfarlinlaw.com
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Plaintiff
DAVID LOPEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOPEZ, an Individual, | Case No.: |
| Plaintiff, | |
| v. | |
| HESPERIA VENTURE CAPITAL LLC, a California limited liability company; and DOES 1-100, | **COMPLAINT FOR:** |
| Defendants. | **1. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181, ET SEQ.; AND** |
| | **2. VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51, ET SEQ.** |

-1-

Comes now Plaintiff DAVID LOPEZ ("Plaintiff"), who complains and alleges of Defendants HESPERIA VENTURE CAPITAL LLC ("Defendant") as follows:

<strong><u>PARTIES</u></strong>

1.    Plaintiff is an adult California resident.  Plaintiff has a Disabled Person Parking Placard issued to him by the State of California.  Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating and sitting. As a result of these disabilities, Plaintiff relies upon mobility devices to ambulate. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101, *et seq.*

2.    Plaintiff brings this action acting as a "private attorney general" as permitted under the American with Disabilities Act of 1990 ("ADA") to privatize enforcement of the ADA without the American tax payer(s) bearing the financial tax burden for such action.

3.    Plaintiff is informed and believes and thereon alleges that Defendant conducts and operates its business at the property located at 12932-A Hesperia Road, Victorville, CA 92345 ("Property"). HESPERIA VENTURE CAPTIAL LLC operates a "Finish Line Tire & Automotive" ("Business"), which is a facility open to the public, a place of public accommodation, and a business establishment

4.    Plaintiff is informed and believes and thereon alleges that Defendant is the owner of the subject Property.

5.    Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the subject property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants.  Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through

Case 5:20-cv-00093-ARK-KK Document 26 Filed 07/02/20 Page 20 of 33 Page ID
Case 3:20-cv-00093-ARK-KK Document 1 Filed 01/14/20 Page 3 of 9 Page ID #:3
#:96

1    100, inclusive, is responsible in some capacity for the events herein alleged, or is a

2    necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend

3    when the true names, capacities, connections, and responsibilities of the Defendants

4    and Does 1 through 100, inclusive, are ascertained.

5    **JURSIDICTION AND VENUE**

6    6.    This Court has subject matter jurisdiction over this action pursuant to 28

7    U.S.C. §§ 1331 and 1343(a)(3-4) for violations of the Americans with

8    Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA").

9    7.    This court has supplemental jurisdiction over Plaintiff's non-federal claims

10    pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act

11    ("UCRA") claims are so related to Plaintiff's federal ADA claims in that they have

12    the same nucleus of operative facts and arising out of the same transactions, they

13    form part of the same case or controversy under Article III of the United States

14    Constitution.

15    8.    Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real

16    property which is the subject of this action is located in this district and because

17    Plaintiff's causes of action arose in this district.

18    **GENERAL ALLEGATIONS**

19    9.    Plaintiff went to the Business on or about January 2, 2020 to inquire about

20    car brake replacement and tire alignment services.

21    10.    Parking spaces are one of the facilities, privileges and advantages reserved by

22    Defendant to persons at the property serving the Business.

23    11.    Unfortunately, although parking spaces were one of the facilities reserved for

24    patrons, there were no designated parking spaces available for persons with

25    disabilities that complied with the Americans with Disability Act Accessibility

26    Guidelines ("ADAAG") on or about January 2, 2020. At that time, Plaintiff

27    experienced extreme difficulty availing himself to the Business accommodations.

28    12.    Instead of having architectural barrier free facilities for patrons with

- 3 -

disabilities, Defendant has: a built-up curb ramp that projects from the sidewalk and into the disabled parking area (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 502.4); a built-up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1).

13.     Subject to the reservation of rights to assert further violations of law after a site inspection found *infra*, Plaintiff asserts there are additional ADA violations which affect him personally.

14.     Plaintiff is informed and believes and thereon alleges Defendant had no policy or plan in place to make sure that there was a compliant accessible access parking reserved for persons with disabilities prior to January 2,2020.

15.     Plaintiff is informed and believes and thereon alleges Defendant has no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG.

16.     The designated disabled parking spaces for use by persons with disabilities are a tip over, crash, fall hazard or trip hazard because it contains a built-up curb ramp and cross slopes.

17.     Plaintiff personally encountered these barriers. These inaccessible conditions denied the Plaintiff full and equal access and caused him difficulty, humiliation and frustration.

18.     As an individual with a mobility disability who at times is dependent upon a wheelchair or other mobility device, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

19.     Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public

Case 5:20-cv-00093-ARK-K Document 26 Filed 07/02/20 Page 22 of 33 Page ID
#:98
Case 3:20-cv-00093-ABK-KK Document 1 Filed 01/14/20 Page 5 of 9 Page ID #:5

1   and to ensure that the Business ceases evading its responsibilities under federal and

2   state law.

3   20.     The Defendant has failed to maintain in working and useable conditions

4   those features required to provide ready access to persons with disabilities.

5   21.     The violations identified above are easily removed without much difficulty or

6   expense. They are the types of barriers identified by the Department of Justice as

7   presumably readily achievable to remove and, in fact, these barriers are readily

8   achievable to remove. Moreover, there are numerous alternative accommodations

9   that could be made to provide a greater level of access if complete removal were

10   not achievable.

11   22.     Given the obvious and blatant violation alleged hereinabove, Plaintiff

12   alleges, on information and belief, that there are other violations and barriers in the

13   site that relate to his disability. Plaintiff will amend the complaint, to provide

14   proper notice regarding the scope of this lawsuit, once he conducts a site inspection.

15   However, please be on notice that the Plaintiff seeks to have all barriers related to

16   his disability remedied. *See* <u>Doran v. 7-11</u>, 524 F.3d 1034 (9th Cir. 2008) (holding

17   that once a plaintiff encounters one barrier at a site, the plaintiff can sue to have all

18   barriers that relate to his disability removed regardless of whether he personally

19   encountered them).

20   23.     Given the obvious and blatant violation alleged hereinabove, Plaintiff

21   alleges, on information and belief, that the failure to remove these barriers was

22   intentional because: (1) these particular barriers are intuitive and obvious; (2) the

23   Defendant exercised control and dominion over the conditions at this location prior

24   to January 2, 2020, (3) the lack of accessible facilities was not an accident because

25   had the Defendant intended any other configuration, they had the means and ability

26   to make the change.

27   24.     Without injunctive relief, Plaintiff will continue to be unable to fully access

28   Defendant's facilities in violation of Plaintiff's rights under the ADA.

- 5 -

Case 5:20-cv-00003-ARK-kk Document 26 Filed 07/02/30 Page 23 of 33 Page ID
Case 3:20-cv-00003-ARK-KK Document 1 Filed 01/14/20 Page 6 of 9 Page ID #:6
#:99

/// 

## FIRST CAUSE OF ACTION

**(Violations of the Americans With Disabilities Act Of 1990, 42 U.S.C. § 12181,
*et seq.* Against All Defendants)**

25.     Plaintiff incorporates by reference, as though fully set forth, paragraphs 1 through 24 of this Complaint.

26.     Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows.

        a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals   with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

        b. A failure to remove architectural barriers where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

        c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities.  42 U.S.C. §

- 6 -

Case 5:20-cv-00093-ARK-K Document 26 Filed 07/09/20 Page 24 of 33 Page ID
Case 3:20-cv-00093-ARK-K Document 29 Filed 01/14/20 Page 3 of 9 Page ID#7
#:100

12183(a)(2).

27.     Any business that provides parking spaces must provide accessible parking spaces.  1991 Standards § 4.1.2(5).  2010 Standards § 208.  Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2.0%) in all directions. 1991 Standards § 4.6.2.  Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted.  2010 Standards § 502.4.  "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory.  Here the failure to provide a level access aisle in the designated disabled parking space is a violation of the law and excess slope angle in the access pathway is a violation of the law.

28.     A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

29.     Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

30.     Given its location and options, Plaintiff will continue to desire to patronize the Business but he has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## SECOND CAUSE OF ACTION

### (Violation of the UCRA, California *Civil Code* § 51, *et seq.*

### Against All Defendants)

31.     Plaintiff incorporates by reference, as though fully set forth, paragraphs 1 through 30 of this Complaint.

32.     California *Civil Code* section 51, *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendant is

- 7 -

Case 5:20-cv-00093-ARK-K  Document 26  Filed 07/09/20  Page 25 of 33  Page ID
#:101
Case 3:20-cv-00093-ABK-K  Document 29  Filed 01/14/20  Page 8 of 9  Page ID#:8

1    systematically violating the UCRA, *Civil Code* section 51, *et seq*.

2    33.    Because Defendant violated Plaintiff's rights under the ADA, they also

3    violated the UCRA and are liable for damages. CAL. CIV. CODE §§ 51(f) and

4    52(a). These violations are ongoing.

5    34.    Plaintiff is informed and believes and thereon alleges that Defendant's

6    actions constitute intentional discrimination against Plaintiff on the basis of a

7    disability, in violation of the UCRA, *Civil Code* section 51, *et seq*., because

8    Defendant has been previously put on actual or constructive notice that the

9    Business is inaccessible to Plaintiff. Despite this knowledge, Defendant maintained

10    their premises in an inaccessible form, and Defendant has failed to take actions to

11    correct these barriers.

12    ## **PRAYER**

13    WHEREFORE, Plaintiff prays that this court award damages provide relief as

14    follows:

15    1.    A preliminary and permanent injunction enjoining Defendant from further

16    violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et*

17    *seq.* with respect to its operation of the Business and Property.

18    2.    An award of actual damages and statutory damages of not less than $4,000

19    per violation pursuant to § 52(a) of the California *Civil Code.*

20    3.    An additional award of $4,000.00 as deterrence damages for each violation

21    pursuant to <u>Johnson v. Guedoir</u>, 218 F.Supp.3d 1096; 2016 U.S. Dist. LEXIS

22    150740 (USDC Cal, E.D. 2016).

23    4.    For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant

24    to 42 U.S.C. § 12205; California *Civil Code* § 52.

25    ///

26    ///

27    ///

28

COMPLAINT

Case 5:20-cv-00083-ARK kk Document 26 Filed 07/09/20 Page 26 of 33 Page ID
Case 3:20-cv-00083-RB-KK Document 9 Filed 01/14/20 Page 9 of 9 Page ID #:9
#:102

1

2                            **<u>DEMAND FOR JURY TRIAL</u>**

3              Plaintiff DAVID LOPEZ hereby respectfully requests a trial by jury on all

4       appropriate issues raised in this Complaint.

5

6       DATED: January 7, 2020                        **MCFARLIN LLP**

7

8                                            By:      /s/ Jarrod Y. Nakano

9                                                     _____

10                                                    Jarrod Y. Nakano
                                                      Attorneys for Plaintiff
11                                                    DAVID LOPEZ

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

**MCFARLIN LLP**
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mcfarlinlaw.com
Jarrod Y. Nakano (State Bar No. 235548)
Email: jarrod@mcfarlinlaw.com
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Plaintiff
DAVID LOPEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOPEZ, an Individual, | Case No.: 5:20-cv-00093-AB-KK |
| Plaintiff, | Judge: Hon. Andre Birotte Jr.<br>Department: 7B |
| v. | |
| HESPERIA VENTURE CAPITAL,<br>a California Limited Liability<br>company; and DOES 1-100, | |
| Defendant. | **PROOF OF SERVICE OF SUMMONS,<br>NOTICE TO PARTIES: ADA<br>DISABILITY ACCESS LITIGATION,<br>CIVIL CASE COVER SHEET, NOTICE<br>TO PARTIES OF COURT-DIRECTED<br>ADR PROGRAM, NOTICE OF<br>ASSIGNMENT TO UNITED STATES<br>JUDGES, CERTIFICATION AND<br>NOTICE OF INTERESTED PARTIES,<br>COMPLAINT** |
| | Date Action Filed: January 14, 2020<br>Trial Date: None Yet Set |

- 1 -

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
JARROD Y. NAKANO
MCFARLIN LLP
4 PARK PLAZA Suite 1025   IRVINE, CA 92614

TELEPHONE NO.: (949) 544-2640 | FAX NO. (949) 336-7612 | E-MAIL ADDRESS *(Optional):* nelaba@mcfarlinlaw.com
ATTORNEY FOR *(Name):* Plaintiff

FOR COURT USE ONLY

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA  EASTERN DIVISION**

STREET ADDRESS: 3470 TWELFTH STREET

MAILING ADDRESS:

CITY AND ZIP CODE: RIVERSIDE, CA 92501

BRANCH NAME: RIVERSIDE

| | |
|---|---|
| Hearing Date: | Room: |
| Hearing Time: | Dept: |

PLAINTIFF: DAVID LOPEZ, AN INDIVIDUAL

DEFENDANT:  HESPERIA VENTURE CAPITAL LLC, A CALIFORNIA LIMITED LIABILITY COMPANY

CASE NUMBER:

**EDCV 20-00093 AB (KKx)**

| | |
|---|---|
| **PROOF OF SERVICE** | Ref. No. or File No.: |

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
I SERVED COPIES OF THE FOLLOWING DOCUMENTS:

**SUMMONS; NOTICE TO PARTIES: ADA DISABILITY ACCESS LITIGATION; CIVIL CASE COVER SHEET;
NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM; NOTICE OF ASSIGNMENT TO UNITED STATES
JUDGES; CERTIFICATION AND NOTICE OF INTERESTED PARTIES; COMPLAINT**

PARTY SERVED:   **HESPERIA VENTURE CAPITAL LLC, A CALIFORNIA LIMITED LIABILITY COMPANY**

PERSON SERVED:   **MOHAMMAD M TECHRANCHI - AGENT FOR SERVICE**

BY LEAVING WITH:   **MEDI TECHRANCHI  - AUTHORIZED TO ACCEPT**

DATE & TIME OF DELIVERY:   **2/1/2020
4:45 PM**

ADDRESS, CITY, AND STATE:   **213 Campbell Ave
Redlands, CA 923736831**

PHYSICAL DESCRIPTION:   **Age: 60          Weight: 175          Hair: GRAY
Sex: Male        Height: 5'5
                                                                Skin: MIDDLE EASTERN**

MANNER OF SERVICE:

**Substituted Service** - By leaving the copies with or in the presence of MEDI TECHRANCHI a person at least 18 years of age apparently in
charge at the office or usual place of business of the person served. I informed him/her of the general nature of the papers. I thereafter
mailed the copies to the person served, addressed as shown in above address, by first-class mail, postage prepaid, on  February 4, 2020
from WESTMINSTER, CA.
A declaration of diligence is attached.

Fee for Service: $ 99.00
    Registration No.:  1766
County: RIVERSIDE
JPL PROCESS SERVICE, LLC
14482 BEACH BLVD. STE S
WESTMINSTER, CA 92683
(866) 754-0520

I declare under penalty of perjury under the laws of the
The State of California that the foregoing information
contained in the return of service and statement of
service fees is true and correct and that this declaration
was executed on  February 4, 2020.

Signature: _____
                    CHAD ERIC CROSTHWAIT

**PROOF OF SERVICE**

Order#: 147967/General

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| JARROD Y. NAKANO<br>MCFARLIN LLP<br>4 PARK PLAZA Suite 1025  IRVINE, CA 92614<br>TELEPHONE NO.: (949) 544-2640 \| FAX NO. (949) 336-7612 \| E-MAIL ADDRESS *(Optional)*: nelaba@mcfarlinlaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff: | |

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA  EASTERN DIVISION**

STREET ADDRESS: 3470 TWELFTH STREET

MAILING ADDRESS:

CITY AND ZIP CODE: RIVERSIDE, CA 92501

BRANCH NAME: RIVERSIDE

| | |
|---|---|
| PLAINTIFF/PETITIONER:  DAVID LOPEZ, AN INDIVIDUAL | CASE NUMBER: |
| DEFENDANT/RESPONDENT:  HESPERIA VENTURE CAPITAL LLC, A CALIFORNIA<br>LIMITED LIABILITY COMPANY | EDCV 20-00093 AB (KKx) |
| **DECLARATION OF DILIGENCE** | Ref. No. or File No.: |

I, INLAND EMPIRE COURT SERVICES , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: HESPERIA VENTURE CAPITAL LLC, A CALIFORNIA LIMITED LIABILITY COMPANY as follows:

Documents:
**SUMMONS; NOTICE TO PARTIES: ADA DISABILITY ACCESS LITIGATION; CIVIL CASE COVER SHEET; NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM; NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES; CERTIFICATION AND NOTICE OF INTERESTED PARTIES; COMPLAINT;**

I attempted personal service on the following dates and times with the following results:

| Date | Time | Location | Results |
|---|---|---|---|
| 1/30/2020 | 3:23 PM | Home | NO ANSWER. THERE IS A GREEN TOYOTA PRIUS WITH LICENSE PLATE NUMBER 7MLW794.<br>213 Campbell Ave,  Redlands, CA 923736831 |
| 2/1/2020 | 4:45 PM | Business | Substituted service on: HESPERIA VENTURE CAPITAL LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; 213 Campbell Ave, Redlands, CA 92373-6831; by serving: MEDI TECHRANCHI - AUTHORIZED TO ACCEPT, MIDDLE EASTERN Male 60 175 GRAY 5'5 BROWN. |
| 2/4/2020 | | | Mailed copy of documents to: HESPERIA VENTURE CAPITAL LLC, A CALIFORNIA LIMITED LIABILITY COMPANY.<br>213 Campbell Ave, Redlands, CA 92373-6831 |

Fee for Service: $ 99.00
County:  RIVERSIDE
Registration No.:
**JPL PROCESS SERVICE, LLC
14482 BEACH BLVD. STE S
WESTMINSTER, CA 92683
(866) 754-0520**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 2/4/2020.

Signature: _____

CHAD ERIC CROSTHWAIT

**AFFIDAVIT OF REASONABLE DILIGENCE**

Order#: 147967

| Attorney or Party without Attorney:<br>JARROD Y. NAKANO<br>MCFARLIN LLP<br>4 PARK PLAZA Suite 1025<br>IRVINE, CA 92614<br>_TELEPHONE No.:_ (949) 544-2640<br>_Attorney for:_ Plaintiff | | FOR COURT USE ONLY |
|---|---|---|
| _E-MAIL ADDRESS (Optional):_ nelaba@mcfarlinlaw.com<br>_FAX No. (Optional):_ (949) 336-7612 | | |
| | _Ref No. or File No.:_ | |

Insert name of Court, and Judicial District and Branch Court:

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA  EASTERN DIVISION - RIVERSIDE

_Plaintiff:_ DAVID LOPEZ, AN INDIVIDUAL

_Defendant:_ HESPERIA VENTURE CAPITAL LLC, A CALIFORNIA LIMITED LIABILITY
COMPANY

| PROOF OF SERVICE<br>BY MAIL | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>EDCV 20-00093 AB (KKx) |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occured.

2. I served copies of the SUMMONS; NOTICE TO PARTIES: ADA DISABILITY ACCESS LITIGATION; CIVIL CASE COVER SHEET; NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM; NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES; CERTIFICATION AND NOTICE OF INTERESTED PARTIES; COMPLAINT;

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at WESTMINSTER, CA, California, addressed as  follows:

   a. Date of Mailing:              2/4/2020
   b. Place of Mailing:            WESTMINSTER, CA, CA
   c. Addressed as follows:     HESPERIA VENTURE CAPITAL LLC, A CALIFORNIA LIMITED LIABILITY COMPANY
                                           213 Campbell Ave
                                           Redlands, CA 92373-6831

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at WESTMINSTER, CA, California in the ordinary course of  business.

Fee for Service: $ 99.00
   JPL PROCESS SERVICE, LLC
   14482 BEACH BLVD. STE S
   WESTMINSTER, CA 92683
   (866) 754-0520

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 2/4/2020.

Signature:_____

JEFF LANCASTER

**PROOF OF SERVICE BY MAIL**

Order#: 147967/mailproof

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOPEZ<br><br>PLAINTIFF(S)<br><br>v.<br><br>HESPERIA VENTURE CAPITAL LLC, et al.<br><br>DEFENDANT(S). | CASE NUMBER:<br><br>5:20–cv–00093–AB–KK<br><br>**DEFAULT BY CLERK**<br>**F.R.Civ.P. 55(a)** |

It appearing from the records in the above−entitled action that summons has been served upon the defendant(s) named below, and it further appearing from the affidavit of counsel for Plaintiff, and other evidence as required by F.R.Civ.P. 55(a), that each of the below defendants have failed to plead or otherwise defend in said action as directed in said Summons and as provided in the Federal Rules of Civil Procedure:

Now, therefore, on request of counsel, the DEFAULT of each of the following named defendant(s) is hereby entered:

Hesperia Venture Capital LLC

Clerk, U.S. District Court

  May 18, 2020  
Date

By   /s/ *Grace Kami*  
Deputy Clerk

CV–37 (10/01)                              **DEFAULT BY CLERK F.R.Civ.P. 55(a)**